UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-46-KSF

UNITED STATES OF AMERICA                                                       PLAINTIFF

v.                                  **OPINION & ORDER**

JEREMY LOUIS KENNEY                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the Defendant, Jeremy Louis Kenney, to reconsider his sentence in light of *Dorsey v. United States*, 132 S.Ct. 2321, 2326 (2012) and the Fair Sentencing Act of 2010 (the "FSA") [DE #123]. Defendant argues that he should be re-sentenced in order to reap the benefits of the FSA, which increased the amount of cocaine base necessary to trigger certain mandatory minimum sentences associated with offenses involving crack cocaine. The United States has filed a response, objecting that, while the FSA lowered Defendant's mandatory minimum sentence, his advisory guideline range remains unchanged because of Defendant's status as a Career Offender [DE #126]. Defendant has filed an objection to the United States' response [DE #127], a supplemental rebuttal to the United States' response [DE #128] and a supplement to his motion to reconsider [DE #129]. This matter is now ripe for review.

On February 19, 2010, pursuant to a plea agreement with the United States, Defendant pled guilty to the following: Possession with Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1)(Count 1); Possession with Intent to Distribute Fifty Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1)(Count 2); Use and Carrying of a Firearm During and In Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(Count 3);

and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922 (g)(1)(Count 4). Pursuant to 21 U.S.C. § 851, the United States filed notice regarding Defendant's two prior felony drug convictions, thereby subjecting him to the following statutory sentences relevant to this motion: (1) as to Count One, a statutory mandatory minimum term of imprisonment of 10 years and a maximum term of not more than life, pursuant to 21 U.S.C. § 841(b)(1)(B) and 851; and (2) as to Count Two, a statutory mandatory sentence of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A) and 851.

Under the 2010 edition of the Guidelines, supplemented November 2010, Defendant's adjusted offense level was 28. However, because of Defendant's criminal history, he qualified as a Career Offender within the meaning of U.S.S.G. § 4B1.1. Under U.S.S.G. § 4B1.1(b)(1), because Defendant faced an offense statutory maximum of life imprisonment, his offense level was 37. After an adjustment for the acceptance of responsibility, Defendant's total offense level was 34. Given this total offense level and Defendant's criminal history category of VI, the Guideline range for imprisonment with respect to Defendant's drug offenses was 262 to 327 months.[1] Based upon a motion by the United States, Defendant was sentenced to a term of 96 months imprisonment with a 4-year term of supervised release.

Defendant now argues that, in light of the United States Supreme Court's decision in *Dorsey*, he is entitled to be re-sentenced in order to reap the benefits of the FSA. It is true that the statutory penalties have changed under the FSA. Defendant's criminal activity involved 93.5 grams of cocaine base. Accordingly, under 21 U.S.C. § 841(b)(1)(B), given Defendant's criminal history, he is subject to a lower statutory penalty of not less than 10 years and not more than life imprisonment.

---

[1] Defendant was subject to an additional consecutive 60 months imprisonment for his conviction of a violation of 18 U.S.C. § 924(c)(1).

2

However, Defendant overlooks that his sentence was based upon his status as a Career Offender within the meaning of U.S.S.G. §4B1.1, not based on the statutory mandatory minimums amended by the FSA. Thus, Defendant's Total Offense Level and the applicable Guideline range for imprisonment are not affected by the changes made to the mandatory minimums by the FSA. Even under the reduced statutory penalties of the FSA, while Defendant's statutory *minimum* sentence may have been reduced from life imprisonment to not less than 10 years, Defendant's statutory *maximum* sentence remains life imprisonment. Thus, under U.S.S.G. § 4B1.1(b)(1), his offense level remains 37. After an adjustment for the acceptance of responsibility, Defendant's total offense level is again 34, his criminal history category is VI and the Guideline range for imprisonment remains 262 to 327 months. Moreover, Defendant's sentence of 96 months imprisonment does not exceed the maximum sentence for his offenses provided by the FSA.

Defendant argues that the changes made to the statutory mandatory minimums by the FSA do affect him because it changes the departure point for considering his sentence reduction pursuant to 18 U.S.C. § 3553(e). Defendant relies on cases holding that the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the statutory mandatory minimum sentence. However, Defendant overlooks that, in his case, his Guideline range of 262 to 327 months is greater than the amended statutory mandatory minimum of 120 months. This distinguishes his case from those cases relied upon by Defendant, which involved circumstances where the statutorily required minimum sentence was greater than the maximum of the applicable Guideline range. *See United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002). *See also United States v. Ross*, 69 Fed.Appx. 710, 711 (6th Cir. 2003)(unpublished). In such circumstances, under U.S.S.G. § 5G1.1(b), the statutorily required minimum sentence shall be the Guideline sentence, thus, the appropriate

point of departure for considering a sentence reduction is the mandatory minimum. Otherwise, as the Court warned in *Stewart*, defendants would be afforded "a double benefit by first permitting them to avoid a higher mandatory minimum sentence and then granting a departure from an even lower sentencing guidelines range." *Stewart*, 306 F.3d at 332. This is exactly the double benefit that Defendant seeks here, only in reverse - he seeks to avoid a higher sentencing Guideline range and then obtain a departure from an even lower mandatory minimum. Rather, as Defendant's Guideline sentence is greater than the mandatory minimum sentence, the appropriate departure point is Defendant's Guideline sentence. *United States v. Burns*, 409 Fed.Appx. 913, 917 (6th Cir. 2011)(unpublished).

Because Defendant's advisory Guideline range remains unchanged by the FSA in light of Defendant's status as a Career Offender, Defendant is not entitled to a sentence reduction. Accordingly, Defendant's motion to reconsider his sentence will be denied. In his motion, Defendant further requests that, should the Court grant his motion to reconsider his sentence, the Court consider his post-sentencing conduct in re-sentencing him. Although the Court's denial of Defendant's motion to reconsider renders this request moot, the Court commends Defendant on his efforts to take advantage of the work and educational opportunities that have been presented to him and encourages Defendant to continue to pursue such opportunities in the future.

For all of the foregoing reasons, the Court, being fully and sufficiently advised, **HEREBY ORDERS** that Defendant's motion to reconsider his sentence [DE #123] is **DENIED**.

This November 27, 2012.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**