UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-46-KSF

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                            **OPINION & ORDER**

JEREMY LOUIS KENNEY                                                                   DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the Defendant, Jeremy Louis Kenney, to seal Defendant's "record of motions and proceeding and all judgments passed by this Court" [DE #131]. Defendant states that the record has been the source of "untold stress" on him and his family and that he "pray[s] that this chapter in [his] life will close without violence."

As recognized by the United States Supreme Court in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), there is a common law right to view court documents. The Sixth Circuit, when considering whether to seal court records in *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165 (6th Cir. 1983), set forth the following background:

> Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometime the only, bases or explanations for a court's decision.

*Id.* at 1178. The Court further identified the following policy considerations underlying the historical public right of access to criminal trials: (1) "public trials play an important role as outlets for 'community concern, hostility, and emotions'"; (1) "public access provides a check on courts"; and (3) "open trials promote 'true and accurate factfinding.'" *Id.* (quoting *Richmond Newspapers, Inc.*

*v. Virginia*, 448 U.S. 555, 571, 592, 596 (1980)). While there are indeed exceptions to the right of access, including a defendant's right to a fair trial, "certain privacy rights of participants or third parties, trade secrets and national security," *id*. at 1179, a district court's discretion to seal the record of a proceeding "'is to be exercised charily.'" *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993)(quoting *Federal Savs. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.1987)). Public access to judicial records "'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *Id*. at 849 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir.1988)).

In this case, Defendant does not identify a specific document or portion of a document that is currently public in the Court's record that he believes should be sealed. Indeed, the Court notes that several matters in the record in this case have already been sealed. In addition, the only justification provided for Defendant's request is that the Court's record is a source of "untold stress" on him and his family. This vague justification, particularly in light of the extremely broad request made by Defendant, is insufficient to overcome "the strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson*, 710 F.2d at 1179.

For all of the foregoing reasons, the Court, being fully and sufficiently advised, **HEREBY ORDERS** that Defendant's motion to seal Defendant's "record of motions and proceeding and all judgments passed by this Court" [DE #131] is **DENIED**.

This December 12, 2012.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**